IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ERNEST DALE NEWMAN, | § | |
|     Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO: H-07-1727 |
| | § | |
| NATHANIEL QUARTERMAN, | § | |
|     Director of the Texas Department | § | |
|     of Criminal Justice - Correctional | § | |
|     Institutions Division, | § | |
|         Respondent. | § | |

## MEMORANDUM AND RECOMMENDATION

Ernest Dale Newman's petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2241 and 2254 has been referred to this magistrate judge for a report and recommendation (Dkt. 5). The court recommends that Newman's petition be denied with prejudice.

### Background

Newman is currently is the custody of the Texas Department of Criminal Justice serving a 20-year sentence for aggravated robbery with a deadly weapon. Newman is not eligible for release to mandatory supervision due to the nature of his offense. It is not necessary to recite the procedural history of Newman's appeal and state habeas proceedings because he is not challenging his conviction. Instead, Newman challenges a series a disciplinary proceedings since April 2005,[1] pursuant to which he has lost over 2,100 days of

---

[1] Newman has been charged and disciplined 37 times since April 9, 2005 for refusing to comply with TDCJ's grooming policy.

good time credits[2] and incurred other penalties.[3]  Newman filed this petition for federal habeas relief on May 7, 2007.[4]

**Analysis**

A prisoner is entitled to federal habeas relief only when he has been deprived of some right secured by the United States Constitution or federal law.  *Teague v. Quarterman*, 482 F.3d 769, 773 (5th Cir. 2007).  "The Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner."  *Sandin v. Conner*, 515 U.S. 472, 478 (1995).  However, prisoners do not lose all constitutional rights when they are incarcerated.  *Wolff v. McDonnell*, 418 U.S. 539, 555 (1974).  While the Supreme Court explained in *Sandin* that states may under certain circumstances create rights that implicate Due Process, such rights are limited to freedom from restraints that impose "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  515 U.S. at 484.

---

[2] Newman alleges he is entitled to restoration of over 7,000 days.  The number of days is clearly substantial by either side's estimation, but it is not legally significant.

[3] Newman's petition states he has been punished by 180 days of solitary "so far," commissary and cell restrictions, change in line class from S3 to L3, and change in custody status from G2 to G4.

[4] This court granted Newman's motion to proceed in forma pauperis (Dkt. 10) in error.  Because of his history of filing frivolous or malicious actions, the Fifth Circuit has ordered that Newman may not proceed in forma pauperis in any civil action in federal district court or in a federal appeals court barring a show of imminent danger. *See Newman v. Woods*, CA No. 01-41359 (April 11, 2002).  Because the court is recommending Newman's application be denied with prejudice, the court will not vacate its prior order.

Newman cannot state a claim for federal relief based on his punishments of solitary confinement, reduction in line class and change in custody status, loss of commissary privileges, or cell restriction. A prisoner cannot state a claim for federal habeas relief based on disciplinary sanctions unless the sanctions imposed affect the fact or duration of the prisoner's sentence. *Malchi v. Thaler*, 211 F.3d 953, 958 (5th Cir 2000). A change in good time earning classification will not "inevitably" affect the duration of a prisoner's sentence and thus does not give rise to a claim for federal habeas relief. *Malchi*, 211 F.3d at 959; *Carson v. Johnson*, 112 F.3d 818, 821 (5th Cir. 1997); *Sandin*, 515 U.S. at 487. Moreover, restrictions such as lost privileges and cell confinement are not atypical of the hardships that commonly occur in prison life. *See Malchi*, 211 F.3d at 958 ("Clearly, . . . thirty day loss of commissary privileges and cell restriction do not implicate due process concerns"); *Madison*, 104 F.3d 765, 767 (5th Cir. 1997) (loss of commissary and cell restriction); *Pickens v. Minton*, 109 Fed. Appx. 655, 656 (5th Cir. 2004) (placement in isolation for 20 days); *Sandin*, 515 U.S. at 485-86 (segregated confinement).

Newman also cannot state a claim for relief based on his loss of good time credits. "The Constitution does not guarantee good time credit for satisfactory behavior while in prison," but the state may create such a right. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Wolff*, 418 U.S. at 558. In Texas, a prisoner may become eligible for release by parole or under mandatory supervised release. Parole refers to the discretionary and conditional release of a prisoner to serve the remainder of his sentence under the supervision

3

and control of the pardons and paroles division. Mandatory supervision refers to the release of an eligible prisoner when his actual time served plus accrued good time equals his sentence. *Teague*, 482 F.3d at 774. "There is no right or constitutional expectancy of early release on parole in Texas, because parole is within the total and unfettered discretion of the State." *Id.* at 776; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

In contrast to Texas's parole scheme, Texas's mandatory supervision scheme, "with its narrowly limited modicum of discretion," does create a protected liberty interest in previously earned good time credits. *Teague*, 482 F.3d at 776. However, not all prisoners are eligible for release under mandatory supervision. Texas Government Code § 508.149(a)(12) provides that an inmate may not be released to mandatory supervision if he has been convicted of an offense under TEX. PENAL CODE § 29.03 (aggravated robbery), as was Newman.[5] Because Newman is not eligible for release to mandatory supervision, he has no constitutional expectancy of early release and his disciplinary proceeding did not trigger due process protections. *See Madison*, 104 F.3d at 769 (remanding for determination whether Madison was eligible for mandatory supervision).

**Conclusion**

Newman cannot state a claim for federal habeas relief based on alleged constitutional defects in his disciplinary proceedings. Therefore, the court recommends that Newman's petition be denied with prejudice. The court for the same reason recommends that Newman's

---

[5] In his petition, Newman acknowledges that he is not eligible for mandatory supervised release. Dkt. 1, at 5 ¶ 16.

"motion to show petition is properly filed and right to relief sought" (Dkt. 12) and "supplementary motion of petition" (Dkt. 14) be denied.

The court orders that Newman's pending motion for discovery (Dkt. 4), and motion for restraining order (Dkt. 13) are denied.

The court further finds that Newman has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have ten days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72.

Signed at Houston, Texas on December 28, 2007.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge